MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Shane G. Smith, # 272630
  *shane.smith@mccormickbarstow.com*
Garrett R. Leatham, # 333362
  *garrett.leatham@mccormickbarstow*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

*Attorneys for Plaintiff Mike Z Enterprises Inc.,*
*a California corporation*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MIKE Z ENTERPRISES INC. *doing business as* YOSEMITE MOTORS, a California limited corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **Jury Trial Demanded** |
| YOSEMITE MOTORS AUTO PLAZA LLC, a California limited liability company, | |
| Defendant. | |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT

Plaintiff MIKE Z ENTERPRISES INC. *doing business as* YOSEMITE MOTORS ("**Yosemite**"), by its attorneys, alleges as follows for its Complaint against YOSEMITE MOTORS AUTO PLAZA LLC ("**Auto Plaza**"):

## NATURE OF THE ACTION

1. This is an action seeking compensatory damages and injunctive relief arising out of Auto Plaza's infringement of Yosemite's trademarks for the benefit of its competing automobile dealership.

## PARTIES

2. Plaintiff Mike Z Enterprises Inc. *doing business as* Yosemite Motors is a corporation organized and existing under the laws of the State of California, and is licensed to do business in California with its principal place of business in Stanislaus County at 4117 Mercer Drive, Modesto, CA 95356-9357.

3. Upon information and belief, Defendant Yosemite Motors Auto Plaza LLC is a limited liability company organized and existing under the laws of the State of California, and is licensed to do business in California with its principal place of business in Stanislaus County at 1105 Yosemite Blvd., Modesto, CA 95354-2731.

4. Upon information and belief, Auto Plaza's sole managing member is Mojibullah Zemarialai, a California resident.

5. Yosemite is informed and believes, and thereon alleges, that Mr. Mojibullah was a principal, agent, or employee of Auto Plaza, and, in doing the things herein alleged, was acting as such principal, or within the course and scope of such agency directed the acts and/or omissions set forth in this Complaint.

6. Yosemite is informed and believes, and thereon alleges, that there is, and at all times relevant was, such a unity of interest and ownership between Auto Plaza and its equitable owner Mr. Mojibullah that the separate personalities of Auto Plaza and Mr. Mojibullah do not in reality exist; and an inequitable result would arise if Auto Plaza's and Mr. Mojibullah's acts alleged in this Complaint are treated as those of Auto Plaza alone. As such, the Court should ignore Auto Plaza's corporate entity and deem Auto Plaza's acts to be those of the persons or organizations actually

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2
COMPLAINT

controlling Auto Plaza, specifically, Mr. Mojibullah.

## JURISDICTION AND VENUE

7.      This is a civil action to, among other things, vindicate Yosemite's federal trademark rights arising under the Lanham Act, 15 U.S.C. 1051 *et seq.*

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

9.      This Court has personal jurisdiction over Auto Plaza at least by virtue of the fact that Auto Plaza conducts business and/or resides in the State of California, has availed itself of the rights and benefits under California state law, and has engaged in substantial and continuous contacts in the State of California.

10.      Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

11.      Venue is proper in the Sacramento Division of this Court pursuant to L.R. 120(d).

## ALLEGATIONS

**A.      Yosemite's Ownership and Use of the YOSEMITE MOTORS Mark**

12.      Since in or about September 2015, Yosemite has continuously owned and operated an automobile dealership at 439 E. Yosemite Ave., Manteca, California 95336-5717 under the trade name and mark YOSEMITE MOTORS.  The YOSEMITE MOTORS mark is prominently displayed on signage at Yosemite's dealership location and on its vehicles available for purchase.

13.      Yosemite offers and sells its automobile inventory over the Internet (*e.g.,* Yosemite's website *yosemitemotors.com* and third-party websites such as *carsforsale.com* and *offerup.com*) to customers around the western United States under the YOSEMITE MOTORS mark.

14.      The YOSEMITE MOTORS mark is also the subject of advertising by Yosemite, including but not limited to use of the mark on social media (*e.g.,* Facebook and Instagram).

15.      Consequently, Yosemite has amassed considerable goodwill and consumer recognition in the YOSEMITE MOTORS trade name and mark identifying its customer-focused dealership offering  pre-owned, late model cars.  Yosemite owns strong common law rights in the YOSEMITE MOTORS trade name and mark as a result.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
COMPLAINT

16.     In addition, Yosemite owns United States Trademark Registration No. 7901410 ("**the '410 Registration**") covering the standard character mark YOSEMITE MOTORS in International Class 035 for "automobile dealerships."  The '410 Registration issued August 19, 2025, and claims a date of first use in commerce of September 2015.  A true and correct copy of the '410 Registration is attached as **Exhibit "1"** hereto.

17.     The existence of the valid and subsisting federal '410 Registration constitutes *prima facie* evidence of the ownership and validity of Yosemite's registered YOSEMITE MOTORS mark.

18.     The YOSEMITE MOTORS mark is strong such that, through Yosemite's continuous use in association with its quality automobile dealership services, the mark has acquired secondary meaning and goodwill in the mind of the relevant consuming public who associate the YOSEMITE MOTORS mark with Yosemite.

**B.     Defendant Auto Plaza's Infringing YOSEMITE MOTORS Mark**

19.     Upon information and belief, Defendant Auto Plaza is directly, or through direction and control, using the confusingly similar mark YOSEMITE MOTORS AUTO PLAZA without Yosemite's permission.  Specifically, Auto Plaza operates an automobile dealership in Modesto, California offering pre-owned, late model cars under a variety of word and design marks that are confusingly similar, if not identical, to Yosemite's YOSEMITE MOTORS mark.

20.     For example, Auto Plaza's Internet home page *yosemiteautoplaza.com* prominently displays the infringing mark above a listing of its used car inventory and means for purchasing those vehicles.[1]

---

[1] *https://yosemiteautoplaza.com/* accessed June 4, 2026.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4



21.    Auto Plaza also uses and has used the YOSEMITE MOTORS AUTO PLAZA trade name to advertise used car inventory through third party websites such *as carsforsale.com*[2] as follows:



22.    As a third example, the YOSEMITE MOTORS AUTO PLAZA trade name and mark prominently appears on signage at Auto Plaza's brick-and-mortar location in Modesto[3] as follows:

---

[2]    *https://www.carsforsale.com/used-car-dealer/yosemite-motors-auto-plaza-llc-modesto-ca-d751065* accessed October 22, 2025.

[3]    *https://cdn05.carsforsale.com/00807f49d7f6ace5a5442768280c222f8a/800x600/2016-gmc-sierra-2500hd-denali-4x4-4dr-crew-cab-sb.jpg* accessed June 4, 2026.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5



23.     The distinctive term YOSEMITE MOTORS as used by Yosemite and Auto Plaza appears the same, sounds the same when spoken aloud, has the same connotation, and leaves the same commercial impression in the minds of consumers.

24.     Upon information and belief, the above identified marks used by Auto Plaza along with design variations (collectively the "**Infringing Marks**") are advertised to the same class of purchasers as are automobile dealership services offered by Yosemite under its YOSEMITE MOTORS and related marks.

25.     Upon information and belief, Auto Plaza advertises goods and services bearing the Infringing Marks through the same marketing channels as goods and services sold by Yosemite under its YOSEMITE MOTORS and related marks.

26.     Auto Plaza's activities described above occurred and occur without Yosemite's permission or consent.

27.     Auto Plaza's activities are willful as shown by its blatant and ongoing infringement of Yosemite's trademark rights despite (a) being aware since at least July 2024 of Yosemite's protectable rights and the continuous operation of Yosemite's Manteca-based automobile dealership eighteen miles away from Auto Plaza's Modesto location, (b) Auto Plaza's decision to ignore a detailed cease and desist letter sent via FedEx and email to Auto Plaza's sole managing member Mojibullah Zemarialai on or about October 23, 2025, and resent via email on November 10, 2025, and (c) a subsequent cease and desist letter with an attached draft of this Complaint personally

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
COMPLAINT

served at Auto Plaza's place of business on or about January 5, 2026, among other things evidencing Auto Plaza's knowledge of Yosemite's protectable rights prior to the filing of this Complaint.

28.    The use of the Infringing Marks by Auto Plaza is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Auto Plaza's goods and services, on the one hand, and Yosemite's goods and services on the other hand.  Indeed, the advertising and sale of vehicles through Auto Plaza's YOSEMITE MOTORS AUTO PLAZA-branded dealership is of particular concern given its proximity to Yosemite's dealership location in nearby Manteca.

29.    Consumers, bill collectors, and the California Department of Motor Vehicles have mistakenly directed negative attention to Yosemite that was intended for Auto Plaza, evidencing actual confusion in the marketplace for automobile dealerships offering pre-owned, late model cars.

30.    Auto Plaza's activities described above have directly and proximately caused, and unless enjoined will continue to proximately cause, irreparable harm to both Yosemite and its customers who have an interest in searching for pre-owned, late model cars without confusion, mistake, and deception.

31.    Yosemite has no adequate remedy at law and will be irreparably harmed if Auto Plaza is permitted to continue to use the YOSEMITE MOTORS mark in the United States in connection with its goods and services.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1114)

### (Against Yosemite Motors Auto Plaza LLC)

32.    For its first cause of action, Yosemite incorporates by reference, as through fully stated herein, paragraphs 1-31 above.

33.    Plaintiff Yosemite's YOSEMITE MOTORS marks are inherently distinctive or have acquired distinctiveness.

34.    Yosemite owns the '410 Registration covering the standard character mark YOSEMITE MOTORS in International Class 035 for "automobile dealerships," as alleged herein.

35.    Moreover, Yosemite owns protectable common law rights in the use of the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7
COMPLAINT

YOSEMITE MOTORS marks appurtenant to its automobile dealership services after having invested significant effort and funds continuously over a period of years to market and promote its automobile dealership services in the United States under the YOSEMITE MOTORS marks. As a result, relevant consumers associate those marks with Yosemite's automobile dealership services.

36. Defendant Auto Plaza's use of the Infringing Marks in connection with the sale, advertising, offer for sale, manufacturing, and distribution of automobile dealership and related goods and services in the United States is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Auto Plaza's goods and services on the one hand, and Yosemite's goods and services on the other hand, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

37. Upon information and belief, as the Managing Member of Auto Plaza, a closely-held limited liability company, Mr. Zemarialai authorized and/or directed, and so is personally liable for, his company's infringements of Yosemite's trademarks.

38. As a direct and proximate result of the foregoing acts by Auto Plaza, Yosemite has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

39. Upon information and belief, Auto Plaza's acts were in conscious and willful disregard of Yosemite's rights, and the resulting damage to Yosemite warrants the trebling of damages in order to provide just compensation.

40. Auto Plaza's infringement described herein also irreparably harms Yosemite and there is no adequate remedy at law. The balance of equities and the public interest weigh in favor of enjoining Auto Plaza's further use of the YOSEMITE MOTORS marks.

## SECOND CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1125)

### (Against Yosemite Motors Auto Plaza LLC)

41. For its second cause of action, Yosemite incorporates by reference, as through fully stated herein, paragraphs 1-40 above.

42. Plaintiff Yosemite's YOSEMITE MOTORS marks are inherently distinctive or have acquired distinctiveness.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT

43.    Yosemite owns the '410 Registration covering the standard character mark YOSEMITE MOTORS in International Class 035 for "automobile dealerships," as alleged herein.

44.    Moreover, Yosemite owns protectable common law rights in the use of the YOSEMITE MOTORS marks appurtenant to its automobile dealership services after having invested significant effort and funds continuously over a period of years to market and promote its automobile dealership services in the United States under the YOSEMITE MOTORS marks.  As a result, relevant consumers associate those marks with Yosemite's automobile dealership services.

45.    By misappropriating, using, and copying the YOSEMITE MOTORS marks, Auto Plaza misrepresents and falsely describes to consumers the origin, sponsorship, or approval of its goods and services.

46.    Defendant Auto Plaza's use of the Infringing Marks in connection with the sale, advertising, offer for sale, manufacturing, and distribution of automobile dealership and related goods and services in the United States is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Auto Plaza's goods and services on the one hand, and Yosemite's goods and services on the other hand, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

47.    Upon information and belief, as the Managing Member of Auto Plaza, a closely-held limited liability company, Mr. Zemarialai authorized and/or directed, and so is personally liable for, his company's infringements of Yosemite's trademarks.

48.    As a direct and proximate result of the foregoing acts by Auto Plaza, Yosemite has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

49.    Upon information and belief, Auto Plaza's acts were in conscious and willful disregard of Yosemite's rights, and the resulting damage to Yosemite warrants the trebling of damages in order to provide just compensation.

50.    Auto Plaza's infringement described herein also irreparably harms Yosemite and there is no adequate remedy at law.  The balance of equities and the public interest weigh in favor of enjoining Auto Plaza's further use of the YOSEMITE MOTORS marks.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT

## THIRD CAUSE OF ACTION

### (Trademark Infringement Under California Common Law)

### (Against Yosemite Motors Auto Plaza LLC)

51.    For its third cause of action, Yosemite incorporates by reference, as through fully stated herein, paragraphs 1-50 above.

52.    Plaintiff Yosemite's YOSEMITE MOTORS marks are inherently distinctive or have acquired distinctiveness.

53.    Yosemite owns protectable common law rights in the use of the YOSEMITE MOTORS marks appurtenant to its automobile dealership services after having invested significant effort and funds continuously over a period of years to market and promote its automobile dealership services in California under the YOSEMITE MOTORS marks.  As a result, relevant consumers associate those marks with Yosemite's automobile dealership services.

54.    By misappropriating, using, and copying the YOSEMITE MOTORS marks, Auto Plaza misrepresents and falsely describes to consumers the origin, sponsorship, or approval of its goods and services.

55.    Defendant Auto Plaza's use of the Infringing Marks in connection with the sale, advertising, offer for sale, manufacturing, and distribution of automobile dealership and related goods and services in California is likely to cause confusion among consumers as to the source, origin, sponsorship, and/or affiliation of Auto Plaza's goods and services on the one hand, and Yosemite's goods and services on the other hand, in violation of the California common law of trademarks.

56.    Upon information and belief, as the Managing Member of Auto Plaza, a closely-held limited liability company, Mr. Zemarialai authorized and/or directed, and so is personally liable for, his company's infringements of Yosemite's trademarks.

57.    As a direct and proximate result of the foregoing acts by Auto Plaza, Yosemite has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

58.    Upon information and belief, Auto Plaza's acts were in conscious and willful disregard of Yosemite's rights, and the resulting damage to Yosemite warrants the trebling of

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

10

COMPLAINT

damages in order to provide just compensation.

59.     Auto Plaza's infringement described herein also irreparably harms Yosemite and there is no adequate remedy at law.  The balance of equities and the public interest weigh in favor of enjoining Auto Plaza's further use of the YOSEMITE MOTORS marks.

**PRAYER FOR RELIEF**

Based on the foregoing, Mike Z Enterprises Inc. *doing business as* Yosemite Motors ***hereby demands a trial by jury for all issues so triable***, and prays for judgment against Defendant Yosemite Motors Auto Plaza LLC as follows:

1.     For a judgment against Auto Plaza for direct and consequential damages in an amount according to proof;

2.     For pre-judgment interest on all damages;

3.     For punitive and exemplary damages in an amount appropriate to punish or set an example of Auto Plaza to be determined at trial;

4.     For an order of restitution against Auto Plaza;

5.     Preliminary and permanent injunctive relief to prevent Auto Plaza from using the YOSEMITE MOTORS marks in the United States in connection with its goods and services;

6.     A monetary award for corrective advertising in an amount to rectify all harm and the damages to Yosemite including, but not limited to, the confusion caused by willful actions of Auto Plaza such as its willful trademark infringement of the YOSEMITE MOTORS marks.

7.     Attorneys' fees, witness fees, and the costs of litigation incurred by Yosemite, as applicable, including under 15 U.S.C. § 1117;

8.     For costs of suit incurred herein; and

9.     For such other and further relief the Court may deem just and proper.

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11
COMPLAINT

Respectfully submitted,

Dated:  June 4, 2026

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:_____
    Shane G. Smith
    Garrett R. Leatham
*Attorneys for Plaintiff Mike Z Enterprises Inc.,*
*a California corporation*

043182-000000 12316864.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

COMPLAINT

# Exhibit "1"

# United States of America
## United States Patent and Trademark Office

# YOSEMITE MOTORS

**Reg. No. 7,901,410**

**Registered Aug. 19, 2025**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Mike Z Enterprises Inc.  (CALIFORNIA CORPORATION), DBA Yosemite Motors
439 E Yosemite Ave
Manteca, CALIFORNIA 95336

CLASS 35: Automobile dealerships

FIRST USE 09-00-2015 ; IN COMMERCE 09-00-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "MOTORS"

SEC.2(F)

SER. NO. 98-834,574, FILED 11-03-2024



Acting Director of the United States Patent and Trademark Office



<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.