UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE Z ENTERPRISES, INC.,

Plaintiff,

v.

YOSEMITE MOTORS AUTO PLAZA, LLC,

Defendant.

No. 2:26-cv-2077-SCR

ORDER

This matter was referred to the undersigned for pretrial proceedings pursuant to Appendix A to the Local Rules. The parties did not decline the jurisdiction of a magistrate judge by the deadline, and the Court entered a minute order affirming the undersigned's jurisdiction in this matter. ECF No. 8. Defendant has filed an answer (ECF No. 7), but purports to do so in propria persona. Because a corporation cannot appear pro se, *Ponomarenko v. Shapiro*, 287 F.Supp.3d 816, 824 n.5 (N.D. Cal. 2018) (citing *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999)), Defendant is ordered to retain counsel to appear on its behalf.

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that:

1. A Status (Pretrial Scheduling) Conference is set for Thursday, **August 20, 2026 at 11 a.m.**, at the United States District Court, **to be convened over Zoom**. The courtroom deputy will provide dial-in instructions approximately one week before the conference.

2. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status

reports addressing the following matters:

a. Service of process;

b. Possible joinder of additional parties;

c. Any expected or desired amendment of the pleadings;

d. Jurisdiction and venue;

e. Anticipated motions and their scheduling;

f. The report required by Federal Rule of Civil Procedure 26(f) outlining the proposed discovery plan and its schedule, including disclosure of expert witnesses;

g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

h. Special procedures, if any;

i. Estimated trial time;

j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

k. Whether the case is related to any other cases, including bankruptcy;

l. Whether a settlement conference should be scheduled;

m. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as a settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference before another judge;

n. Any other matters that may add to the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: July 20, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE